UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

**CHRISTINE VAUGHAN ESTEP,**

    **Plaintiff,**

v.                                                    **Civil No. 4:16cv89**

**XANTERRA KINGSMILL, LLC,**

    **Defendant.**

## OPINION AND ORDER

This matter is before the Court on a motion for summary judgment filed by Xanterra Kingsmill, LLC ("Defendant" or "Kingsmill"). ECF No. 21. After examination of the briefs and record, the Court finds that a hearing is unnecessary, as the facts and legal arguments are adequately presented, and the decisional process would not be aided significantly by oral argument. Fed. R. Civ. P. 78(b); E.D. Va. Loc. Civ. R. 7(J).

### I. FACTUAL AND PROCEDURAL BACKGROUND

The undisputed facts before the Court establish as follows:[1]

(1) Kingsmill's resort premises include a tennis center that hosts 12-week long tennis leagues. Christine Estep ("Plaintiff") participated in such tennis leagues during the spring, summer, and fall of 2013.

---

[1] Such facts are assumed as true solely for the purposes of summary judgment.

(2) A path made of asphalt, and edged with green grass, leads to the Kingsmill tennis courts. On September 12, 2013, at 9:45 a.m., Plaintiff fell while walking along the path toward the courts.

(3) The below photograph depicts the path, and was taken less than 30 minutes after Plaintiff's fall. Plaintiff fell on the grassy patch located on the left side of the path as indicated by the blue arrow in the photograph below (*the blue arrow was added by the Court for illustration purposes only*).



(4) The <u>green</u> grassy area depicted in the photographs is approximately 16 inches long and extends approximately 14 inches into the <u>darker colored</u> paved asphalt path.

(5) While walking along the left side of the paved path, Plaintiff stepped into the grassy area, or partially into the grassy area, causing her to fall and sustain injuries to her foot and lower leg.

(6) At the time of her fall, Plaintiff was alone on the paved path and was not distracted by her phone or other sources.

(7) Many people, including Plaintiff, have safely used the paved path on prior occasions and Defendant has not had any complaints about the grassy area extending into the paved path, nor is Defendant aware of anyone else being injured at this location.

(8) It is undisputed that there was approximately five feet of open paved path to the right of the grassy area, and there was no opposing foot traffic or other reason that Plaintiff could not have moved to the right in order to stay on the paved surface.

(9) While Plaintiff made statements in her deposition that do not appear to contest the fact that the grassy area was visible, she contends that it did not look like a trip hazard or anything obvious to avoid. Plaintiff asserts that she was

3

paying attention while walking and that she would have avoided obvious hazards.

(10) Plaintiff testified that it was only _after_ her fall that she discovered a hole under the grassy area. Although there is imprecise and disputed evidence on such issue, the hole, purportedly hidden by long grass, was as deep as eighteen inches.[2]

Predicated on the above facts, Defendant filed the instant motion seeking summary judgment based only on the affirmative defense of contributory negligence. Plaintiff filed a brief in opposition, asserting that a jury must decide whether Plaintiff was negligent. The question for the Court on summary judgment is thus limited to determining whether, on these facts, Plaintiff was contributorily negligent as a matter of law.[3] Based on the arguments presented by the parties, the resolution of such question turns primarily on whether the grassy patch, and/or the hole beneath the grassy patch, was an "open and obvious" defect/danger.

---

[2] A witness for the defense testified that there was a "slight depression" under the grass, estimated to be "less than two or three inches" deep. ECF No. 24-4, at 21-22, 25. Accordingly, while the depth is disputed, the fact that that the ground covered by the grassy area was not at the same level as the paved path is not in dispute.

[3] Defendant expressly states in its filings that its motion "does not address the viability of Plaintiff's claims of negligence and negligence per se," instead opting to rely, for purposes of summary judgment only, solely on the defense of contributory negligence. ECF No. 22, at 19.

4

## II. STANDARD OF REVIEW

The Federal Rules of Civil Procedure provide that a district court "shall grant summary judgment if [a] movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Jacobs v. N.C. Admin. Office of the Courts, 780 F.3d 562, 568 (4th Cir. 2015). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). A fact is "material" if it "might affect the outcome of the suit," and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248; see Jacobs, 780 F.3d at 568.

When a moving party "seeks summary judgment on an affirmative defense, it must conclusively establish all essential elements of that defense." Ray Commc'ns, Inc. v. Clear Channel Commc'ns, Inc., 673 F.3d 294, 299 (4th Cir. 2012) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 331 (1986)). If the moving party produces "sufficient evidence in support of its affirmative defense, the burden of production shifts" to the non-movant to identify facts demonstrating a genuine issue for trial. Id. If the moving party fails to produce sufficient

evidence, "summary judgment must be denied . . . for the non-movant is not required to rebut an insufficient showing." Id. (citation omitted).

At the summary judgment phase, a district court is not permitted "to weigh the evidence and determine the truth of the matter," but must instead "determine whether there is a genuine issue for trial." Tolan v. Cotton, 134 S. Ct. 1861, 1866 (2014) (quoting Anderson, 477 U.S. at 249). Accordingly, "[t]he relevant inquiry is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Stewart v. MTR Gaming Grp., Inc., 581 F. App'x 245, 247 (4th Cir. 2014) (quoting Anderson, 477 U.S. at 251-52). In making such determination, the Court must consider the record evidence "'in the light most favorable to the' nonmoving party." Jacobs, 780 F.3d at 568 (quoting Tolan, 134 S. Ct. at 1866).

## III. DISCUSSION

Pursuant to Virginia substantive law governing the instant diversity action,[4] "[a]n owner of premises owes a duty to its invitee (1) to use ordinary care to have the premises in a reasonably safe condition for the invitee's use consistent with the invitation, and (2) to use ordinary care to warn its invitee

---

[4] It is undisputed that this Court must "apply Virginia substantive law consistent with Virginia's lex loci delicti, the law of the place of the wrong." Blair v. Def. Servs., Inc., 386 F.3d 623, 625 (4th Cir. 2004).

6

<u>of any unsafe condition</u> that was known, or by the use of ordinary care should have been known, to the owner; except that the owner has no duty to warn its invitee of an <u>unsafe condition which is open and obvious</u> to a reasonable person exercising ordinary care for his own safety." <u>Fobbs v. Webb Bldg. Ltd. P'ship</u>, 232 Va. 227, 229, 349 S.E.2d 355, 357 (1986) (emphasis added) (citations omitted). If a person trips over an "open and obvious condition or defect" she is "guilty of contributory negligence as a matter of law," unless there is a legally valid justification for failing to observe the defect. <u>Scott v. City of Lynchburg</u>, 241 Va. 64, 66, 399 S.E.2d 809, 810 (1991). Stated differently, "where a defect is open and obvious to persons using a sidewalk it is their duty to observe the defect," and "[w]here there is no excuse for not seeing the defect one cannot recover." <u>Town of Va. Beach v. Starr</u>, 194 Va. 34, 36, 72 S.E.2d 239, 240 (1952) (citation omitted).[5] In the absence of an open and obvious defect/danger, an invitee "has the right to assume that premises are reasonably safe." <u>Volpe</u>

---

[5] Whether a defect/danger is open and obvious and whether a plaintiff was contributorily negligent are "related" concepts, but they are "not the same" because "[t]he open and obvious defense focuses on the hazard itself; by contrast, a contributory negligence analysis revolves around the conduct of the plaintiff." <u>King v. Flinn & Dreffein Eng'g Co.</u>, No. 7:09cv410, 2012 WL 3133677, at *7 (W.D. Va. July 30, 2012). The difference in concepts is illustrated by the fact that a plaintiff who is injured by "an open and obvious dangerous condition" retains the ability to demonstrate that she was <u>not</u> contributorily negligent based on "conditions outside herself which prevented her seeing the dangerous condition <u>or which would excuse her failure to observe it</u>." <u>Fultz v. Delhaize Am., Inc.</u>, 278 Va. 84, 90, 677 S.E.2d 272, 275 (2009) (emphasis added) (citation omitted).

v. City of Lexington, 281 Va. 630, 637, 708 S.E.2d 824, 827 (2011); Comess v. Norfolk Gen. Hosp., 189 Va. 229, 235, 52 S.E.2d 125, 128 (1949) (indicating that an invitee "is not required to be on the lookout for dangers not open and obvious") (citations omitted).

"Ordinarily, whether a plaintiff is guilty of contributory negligence is a jury issue," and such issue "becomes one of law for resolution by a court only when reasonable minds could not differ about the conclusion." Medlar v. Mohan, 242 Va. 162, 166, 409 S.E.2d 123, 126 (1991). Here, while Plaintiff offers some evidence that arguably calls into question how "obvious" the grassy patch was to a pedestrian walking down the paved path,[6] the primary dispute addressed by the parties' briefs is whether the grassy patch, and the hole/depression obscured beneath the grass, was an "open and obvious" defect or danger such that Plaintiff had a duty to avoid it in the exercise of reasonable care. Plaintiff does not assert that she was distracted or otherwise prevented from observing the green grassy patch itself; rather, she focuses her opposition to summary judgment on the fact that, even if the existence of the grassy patch is deemed to be "open and obvious" as a matter of

---

[6] Plaintiff's brief cites to both her own deposition testimony and the testimony of Defendant's employees who indicated that they walked down the path countless times and never noticed the grassy patch itself, or "never noticed this irregular edge of the asphalt." ECF No. 24, at 7-8; ECF Nos. 24-2, 24-3.

8

law, a reasonable juror could conclude that there was not an "open and obvious" <u>danger</u> because there was no indication of a hole or depression under the grassy area or that such area otherwise constituted a trip hazard.

Defendant responds to Plaintiff's argument by contending that the "defect" in the paved path was obvious, and that Plaintiff negligently contributed to her injury based on her failure to stay on the paved surface. In support of its position, Defendant argues that there is no legal distinction between an open and obvious condition/defect and an open and obvious hazard/danger. To place a finer point on the dispute before the Court, the parties take the following conflicting positions: (1) Plaintiff asserts that she did not step "off" the path, but stepped on grass that encroached onto the path, and even if it was obvious that a portion of the path was grass covered,[7] she was not negligent, because the grass did not appear to be a trip hazard; and (2) Defendant contends that Plaintiff, absent any reasonable justification, voluntarily stepped off of the path and onto the grass, and because the green grass was an open and obvious defect in the path, Plaintiff is contributorily

---

[7] Plaintiff made statements in her deposition, some of which are expressly reproduced in her brief, indicating that while the photographic evidence does show that there was "some kind of grass on the path," it does not reveal a hole or depression or even that there was missing asphalt under the grassy patch because grass/weeds could have been growing over the paved surface. ECF No. 24, at 12-14; ECF No. 24-1.

9

negligent as a matter of law for not avoiding such obvious defect.

After carefully considering the record evidence, and drawing reasonable inferences in Plaintiff's favor as required at the summary judgment stage, the Court finds that Defendant fails to demonstrate that Plaintiff was contributorily negligent <u>as a matter of law</u>. Although it is true that much of the record evidence before the Court is undisputed, the interpretation and characterization of the critical facts must be reserved for the factfinder because there are conflicting, yet reasonable, inferences to be drawn from such evidence, and reasonable persons may differ as to whether the grassy patch constituted an "open and obvious" danger/hazard. <u>Compare</u> <u>Crocker v. WTAR Radio Corp.</u>, 194 Va. 572, 573-75, 74 S.E.2d 51, 52-53 (1953) (reversing the lower court's finding that the plaintiff was "guilty of contributory negligence as a matter of law" when she fell off a four to six inch high split-level stage during a fashion show because the plaintiff presented evidence suggesting that the height difference was obscured by the "perfectly matched" and "highly polished" floors, rendering the appearance of one level floor); <u>with</u> <u>Rocky Mount Shopping Ctr. Assocs. v. Steagall</u>, 235 Va. 636, 637, 369 S.E.2d 193, 194 (1988) (finding that the plaintiff was contributorily negligent as a matter of law because the evidence established that the plaintiff's fall

was caused by a two to three inch deep "obvious depression" in a parking lot and that such defect would have been seen <u>if the plaintiff had looked</u>). It is therefore improper, on this record, "to convert what is normally a jury question to a question of law." <u>Hall v. DLC Mgmt. Corp.</u>, No. 7:11cv298, 2013 WL 1743865, at *5 (W.D. Va. Apr. 23, 2013) (citing <u>Smith v. Virginia Elec. & Power Co.</u>, 204 Va. 128, 132, 129 S.E.2d 655, 659 (1963)).

The Court reaches this conclusion because reasonable minds could differ as to whether the grassy area was: (1) a visible condition that, while seemingly obvious due to its size and contrasting color, did not suggest a trip hazard or other danger; or (2) an open and obvious "defect" in the path that a pedestrian/invitee exercising reasonable care would have identified as a danger/hazard. While one reasonable juror could conclude that Plaintiff was careless for voluntarily stepping "off" the paved path onto the grassy area when there was ample paved space to the right, another reasonable juror could conclude that the grassy encroachment was not outside the bounds of the provided walkway and appeared to be "level" with the pavement, rendering the hole that caused Plaintiff's fall a hidden latent danger, not an open and obvious one. <u>See Crocker</u>, 194 Va. at 575, 74 S.E.2d at 53 (noting that "while the situation was 'open' to the plaintiff, in the sense that there

11

was no obstruction between her and the step [on the stage], it was not necessarily 'obvious' to her" that there was a step down); Volpe, 281 Va. at 637-38, 708 S.E.2d at 827-28 (concluding that "the circuit court erred in holding as a matter of law that [a] dam presented an open and obvious danger" because while the danger of drowning in a lake or other body of water is "open and obvious as a matter of law," the same conclusion cannot be reached when a body of water has a "deadly, hidden hydraulic" created by a dam that is "not always visible to a swimmer").

In reaching such conclusion, this Court rejects the Defendant's contention that Virginia law does not provide for a distinction, at least on some fact patterns, between an open and obvious "condition" and an open and obvious "danger/hazard." Notably, both state and federal courts applying Virginia law have recognized that "it is not enough that an object be plainly visible to constitute an open and obvious hazard, the plaintiff must also have reason to appreciate the nature of the harm posed by the object." Cunningham v. Delhaize Am., Inc., No. 3:12cv2, 2012 WL 4503150, at *4 (W.D. Va. Sept. 27, 2012) (citing Crocker, 194 Va. at 575, 74 S.E.2d at 53); O'Brien v. Everfast, Inc., 254 Va. 326, 331, 491 S.E.2d 712, 714-15 (1997)). For example, in O'Brien v. Everfast, the Supreme Court of Virginia concluded that "[s]everal heavy bolts of fabric leaning against

12

a table [in a fabric store] is not so remarkable or patent a danger" that a reasonable person "would naturally seek to avoid it." O'Brien, 254 Va. at 331, 491 S.E.2d at 715. Rather, although the bolts of fabric were clearly a visible <u>condition</u>, "the jury properly could have found that [the plaintiff] was privileged to browse the display floor without guarding herself from being struck by a falling bolt of fabric." <u>Id.</u>

Similarly, another judge of this Court recently denied summary judgment on the theory of contributory negligence in a case where the plaintiff was injured falling off of a ledge into a "wave pool" at a Virginia amusement park. <u>Long v. Ocean Breeze Holdings, LLC</u>, No. 2:14cv484, 2015 WL 12803773, at *4 (E.D. Va. Aug. 28, 2015). In <u>Long</u>, the defendant failed to establish that a three to four inch difference in height between the "simulated beach area" on which the plaintiff was walking and the "wave pool" that she was stepping into was an "open and obvious" danger because even though there was a "<u>clear color differential</u> between the beach area and the pool itself," a reasonable juror could conclude that <u>the height difference</u> was not visible as it was obscured by moving water. <u>Id.</u> (emphasis added); <u>see</u> 63 C.J.S. Negligence § 741 ("An 'open and obvious condition' exists where the condition <u>and risk</u> are apparent to and would be recognized by a reasonable person in the position of the visitor . . . .") (emphasis added); <u>Freeman v. Case</u>

13

Corp., 118 F.3d 1011, 1014-15 (4th Cir. 1997) (indicating in a products liability case that "Virginia law looks not to whether the defect itself was obvious, but whether the hazard was clearly apparent"); Kelly v. Food Lion, LLC, No. 3:11cv80, 2012 WL 5397227, at *2 n.3 (W.D. Va. Nov. 2, 2012) ("It is the hazard created by an object, not the object itself, that must be open and obvious.") (citing Freeman); see also West v. City of Portsmouth, 217 Va. 734, 738-39, 232 S.E.2d 763, 766 (1977) (finding contributory negligence as a matter of law in a case where not only was the "water meter and its cover installed in the sidewalk . . . in clear view," but the "irregularity, unevenness or depression were open and obvious and could have been detected by anyone who was observant").[8]

In sum, this Court's role at the summary judgment stage is not simply to "weigh" the evidence and grant or deny summary judgment based upon such weight. Instead, "[t]he relevant inquiry is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so

---

[8] This Court acknowledges that, in many circumstances, the nature of the open and obvious condition or defect necessarily puts a reasonable person on notice of the attendant danger (a visible three-inch depression in a walkway and a visible four-inch curb are necessarily trip hazards). However, in other circumstances, such as those before this Court, and those in the cases cited above, a finding that a condition is open and obvious does not automatically dictate whether such condition constitutes an open and obvious danger. For example, a two foot-wide black manhole cover located in the middle of a light gray sidewalk and recessed ½ inch below the surface of the sidewalk is likely an "open and obvious" condition as a matter of law, but if a pedestrian steps onto the cover and one side of it drops three inches, causing injury, the hidden danger cannot be said to be open and obvious as a matter of law.

14

one-sided that one party must prevail as a matter of law.'" Stewart, 581 F. App'x at 247 (quoting Anderson, 477 U.S. at 251-52). Virginia law provides that matters involving line-drawing as to whether a condition/defect/hazard is "open and obvious" should typically be left to the jury. Here, Defendant fails to demonstrate that the facts of this case permit a ruling as a matter of law similar to those cases where a curb, large box, or visible depression create an obvious trip hazard such that a plaintiff can be said to be contributorily negligent as a matter of law for failing to avoid such hazard. Rather, the "condition/defect" at issue in this case, as portrayed by the evidence advanced by Plaintiff, was a relatively deep hole that encroached onto the edge of a paved path and was obscured by long grass that created a seemingly level surface. Whether the grassy area was an "open and obvious" danger that Plaintiff had a duty to avoid is a question properly reserved for the jury.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is **DENIED**. ECF No. 21. Counsel are **INSTRUCTED** to schedule with the Magistrate Judge the resumption of a settlement conference prior to the trial date.

The Clerk is **DIRECTED** to send a copy of this Opinion and Order to all counsel of record.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　/s/ *[signature]*
　　　　　　　　　　　　　　　　　　　　　Mark S. Davis
　　　　　　　　　　　　　　　　　United States District Judge

March 3, 2017
Norfolk, Virginia